UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| DAVID REYNOLDS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF NICHOLAS REYNOLDS AND ROSEMARY REYNOLDS § § § § § vs. § § THE PERSONAL REPRESENTATIVE § OF THE ESTATE OF CHRISTOPHER § JOHNSON AND CACTUS DRILLING § COMPANY, LLC § | Civil Action No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Cactus Drilling Company, LLC ("Cactus"), files and serves this Notice of Removal to remove this action from the 109th Judicial District Court of Andrews County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, Defendants base this Notice of Removal upon "other papers" demonstrating that this case is removable, under 28 U.S.C. § 1446(b).

### I.    Procedural History

1. The underlying accident arises out of vehicular accident in Andrews County that resulted in the death of Nicholas Reynolds when he was struck by a truck owned by Cactus and driven by Christopher Johnson, who also died in the accident. Plaintiffs are the parents of Nicholas Reynolds with his father, David Reynolds, suing as Representative of the Estate of Nicholas Reynolds.

2. Plaintiffs filed suit against Cactus and Mr. Johnson. With regard to Cactus, Plaintiffs allege that Cactus was the owner of the truck driven by Nicholas Reynolds and is

vicariously liable for the actions of Mr. Johnson. While Plaintiffs sued Mr. Johnson, they have not requested service at this time.

3. According to Plaintiffs' Original Petition, both parents, David and Rosemary Reynolds are citizens of the State of Missouri. Cactus, on the other hand, is an Oklahoma limited liability company based in Oklahoma[1], while Mr. Johnson is alleged to be a citizen of the State of Texas.

4. Plaintiffs claim that Nicholas Reynolds was a "citizen" of the State of Texas at the time of his death and contend that there is a lack of complete diversity given the Texas citizenship of Mr. Johnson. As set forth below, Cactus submits there are "other papers" supporting that complete diversity indeed exists and further requests limited jurisdictional discovery to further explore this issue.

5. The lawsuit was docketed in the 109th Judicial District Court of Andrews County, Texas, as Case No. 19,909 (the "State Court Action").

6. Defendant received service of the Citation and the Plaintiffs' Original Petition on June 15, 2015 by personal service through certified mail return receipt requested.

7. Just before Cactus intended to file this Notice of Removal, Cactus received a copy of a Plea in Intervention filed by Joshua Trevino, who was allegedly injured when he purportedly struck Mr. Johnson's vehicle following the initial impact between Mr. Johnson's vehicle and Nicholas Reynolds' vehicle. While Mr. Trevino is a Texas resident, he is not a required party under Rule 19 of the Federal Rules of Civil Procedure, nor does he otherwise destroy diversity.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of the records for the State Court Action are attached hereto as Appendix A.

---

[1] Additionally, none of Cactus' members are citizens of the State of Texas.

## II.   Grounds for Removal

### A.   Other Papers Reflect that Nicholas Reynolds is a Citizen of Missouri

9. Although Plaintiffs claim Nicholas Reynolds was a citizen of Texas, there are "other papers" that indicate that he was actually a citizen of the State of Missouri, including the following:

   a. An online news article from the "Odessa American News" stating that Mr. Reynolds was a resident of Missouri (Exhibit "A");
   b. A Missouri database reflects that Nicholas Reynolds' drivers' license was issued by the State of Missouri (Exhibit "B").

10. Also, upon information and belief, Nicholas Reynolds' personal vehicle is registered in the State of Missouri.

11. The documents referenced above qualify as "other papers" under 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an . . . other paper from which it may first be ascertained that the case is one which is or has become removable.").

12. To the extent that this evidence does not constitute "other paper," Cactus respectfully requests limited jurisdiction discovery. Because Cactus is aware of this evidence, Cactus is filing this Notice of Removal within thirty (30) days of service.

### B.   Amount in Controversy

13. Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. The allegations in Plaintiffs' Original Petition and corresponding circumstances substantiate this notion.

3

**C.    All requirements for removal are met.**

14.    Because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, the action is one in which the United States district courts have original jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court.

15.    Cactus will promptly provide notice of the removal of this action to Plaintiffs, Intervenor and to the 109th Judicial District Court of Andrews County, Texas, by filing a "Removal Notice to the United States District Court for the Western District of Texas," together with a copy of this "Defendants' Notice of Removal," in the 109th Judicial District Court of Andrews County, Texas, and by serving copies of the same on Plaintiffs and Intervenor pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Cactus Drilling Company, LLC respectfully request that the above-captioned action be removed to this Court.

Dated: July __, 2015

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

BY */s/ Jeffrey S. Davis*
   Jeffrey S. Davis
   State Bar No:  00783936
   jdavis@gardere.com
   Mary Elizondo Frazier
   State Bar No:  24054592
   mfrazier@gardere.com
1000 Louisiana, Suite 3400
Houston, Texas  77002-5011
713.276.5500 TELEPHONE
713.276.5555 FACSIMILE

**ATTORNEYS FOR DEFENDANT
CACTUS DRILLING COMPANY, L.L.C.**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served upon all counsel of record by facsimile on July 10, 2015 as follows:

| | |
|---|---|
| Robert White<br>Greta Fischer<br>Childs Bishop & White, P.C.<br>230 W. 3rd Street<br>Odessa, TX  79761-5014<br>Telephone:    432-580-5421<br>Facsimile:    432-337-5465<br>cbwlitigation@cableone.net | *Attorneys for Plaintiffs David Reynolds,*<br>*Individually and as Representative of the*<br>*Estate of Nicholas Reynolds and*<br>*Rosemary Reynolds* |
| Bradley Bradshaw<br>1736 E. Shunshire t., Suite 600<br>Springfield, MO 65804-1333<br>Telephone:    417-890-8888<br>Facsimile:    417-889-9229<br>richelle@bradbradshaw.com | *Attorneys for Plaintiffs David Reynolds,*<br>*Individually and as Representative of the*<br>*Estate of Nicholas Reynolds and*<br>*Rosemary Reynolds* |
| Aidan Perales<br>Chaves Obregon & Perales, L.L.P.<br>Frost Bank Plaza<br>802 N. Carancahua, Suite 2100<br>Corpus Christi, TX  78401<br>Telephone:    361-884-5400<br>Facsimile:    361-884-5401<br>aperales@coplawfirm.com | *Attorneys for Intervenor*<br>*Joshua Trevino* |

                                             */s/ Jeffrey S. Davis*
                                             Jeffrey S. Davis