# EXHIBIT A-1

E-Filed for Record
6/8/2015 9:51:02 AM
Cynthia Jones, District Clerk
Andrews County, TX
By: Rachel Hall

NO. 19,909

| | | |
|---|---|---|
| DAVID REYNOLDS, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| AND AS REPRESENTATIVE OF THE | § | |
| ESTATE OF NICHOLAS REYNOLDS | § | |
| AND ROSEMARY REYNOLDS | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 109TH JUDICIAL DISTRICT |
| | § | |
| THE PERSONAL REPRESENTATIVE | § | |
| OF THE ESTATE OF CHRISTOPHER | § | |
| JOHNSON AND CACTUS DRILLING | § | |
| COMPANY, LLC | § | |
| | § | |
| Defendants. | § | OF ANDREWS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME David Reynolds, Individually and as Representative of the Estate of Nicholas Reynolds, Deceased; and Rosemary Reynolds, hereinafter called Plaintiffs, complaining of and about Christopher Johnson and Cactus Drilling Company, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 3 pursuant to Texas Rules of Civil Procedure Rule 190.

### PARTIES AND SERVICE

A. Plaintiffs

2. Plaintiff, David Reynolds, is the natural surviving father of Nicholas Reynolds, Deceased. Mr. Reynolds is a resident of Missouri and a citizen of the United States of America at all times relevant to this action.

Page 1 of 8



3. Plaintiff, Rosemary Reynolds, is the natural surviving mother of Nicholas Reynolds, Deceased. Ms. Reynolds is a resident of Missouri and a citizen of the United States of America.

4. Nicholas Reynolds was a resident Texas and a citizen of the United States of America.

**B. Defendants**

5. At the time of his death Christopher Johnson was a resident of Magnolia, Montgomery County, Texas. Serve of process on The Personal Representative of the Estate of Christopher Johnson is not requested at this time.

6. Defendant Cactus Drilling Company LLC, a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, Frederic Dorwart, at 124 E 4TH ST, Tulsa, Oklahoma, 74103, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. Plaintiffs seek:

   a. monetary relief over $1,000,000.

9. This court has jurisdiction over Defendant Cactus Drilling Company LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Cactus Drilling Company LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Page 2 of 8



10. Furthermore, Plaintiffs would show that Defendant Cactus Drilling Company LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

11. Defendant Cactus Drilling Company LLC employed Christopher Johnson and Christopher Johnson was performing work for Defendant Cactus Drilling Company LLC in Texas at time of all or a substantial part of the events occurred.

12. Venue in Andrews County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

13. Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because Nicholas Reynolds and Christopher Johnson were citizens of Texas. As such, any removal, or consent to removal, of this case to federal court would be improper.

## FACTS

14. On April 21, 2015, Nicholas Reynolds was a passenger in a vehicle that was traveling southbound on US 385 in Andrews County, Texas. At the same time, Christopher Jordan was driving a vehicle owned by Defendant Cactus Drilling Company LLC. Christopher Jordan was within the course and scope of his employment with Defendant Cactus Drilling Company LLC at the time of the events or omissions giving rise to this lawsuit. Christopher Jordan was driving northbound in the southbound lanes of traffic on US 385.

15. The vehicle Nicholas Reynolds was a passenger in and Christopher Jordan's vehicle collided head-on. This caused Nicholas Reynolds's vehicle to strike another vehicle causing his vehicle to split in two.

Page 3 of 8



16. Nicholas Reynolds died because Christopher Jordan was driving the wrong way and caused the two vehicles to collide head-on. Christopher Jordan also died due to collision.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST THE ESTATE OF CHRISTOPHER JOHNSON

17. On the occasion in question, Christopher Johnson committed acts of omission and commission, which collectively and severally constitute negligence.

18. These acts include, but are not limited to the following:

    a. Driving in a direction opposite to the appropriate direction of travel;

    b. Failing to properly control his vehicle;

    c. Operating his vehicle in an unsafe and unreasonable manner; and

    d. Failing to keep a proper lookout while operating his vehicle.

19. Plaintiffs will show that these acts of omission and/or commission constitute negligence, as that term is understood at law. Plaintiffs will further show that the foregoing acts of negligence were proximate causes of the subject incident, and were proximate causes of the injuries sustained by Plaintiffs.

### PLAINTIFFS' CLAIM OF NEGLIGENCE PER SE AGAINST THE ESTATE OF CHRISTOPHER JOHNSON

20. Christopher Johnson's conduct described herein constitutes an unexcused breach of duty imposed by V.T.C.A. Transportation Code § 545.051.

21. V.T.C.A. Transportation Code § 545.051 imposed a duty on operators of vehicles to drive on the right half of the roadway. Christopher Johnson violated this duty when he drove on the left half of the roadway in a direction opposite to the appropriate direction of travel.

22. Plaintiffs are members of the class that V.T.C.A. Transportation Code § 545.051 was designed to protect.

Page 4 of 8



23. Christopher Johnson's unexcused breach of the duty imposed by V.T.C.A. Transportation Code § 545.051 proximately caused the Plaintiffs' injuries described herein.

## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST CACTUS DRILLING COMPANY LLC

24. At the time of the occurrence of the act in question and immediately prior thereto, Christopher Johnson was within the course and scope of employment for Defendant Cactus Drilling Company LLC.

25. At the time of the occurrence of the act in question and immediately prior thereto, Christopher Johnson was engaged in the furtherance of Defendant Cactus Drilling Company LLC's business.

26. At the time of the occurrence of the act in question and immediately prior thereto, Christopher Johnson was engaged in accomplishing a task for which Christopher Johnson was employed.

27. Plaintiffs invoke the doctrine of Respondeat Superior as against Defendant Cactus Drilling Company LLC.

## EXEMPLARY DAMAGES

28. Christopher Johnson's acts or omissions described above, when viewed from the standpoint of Christopher Johnson at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Christopher Johnson had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

29. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from the Estate of Christopher Johnson.

Page 5 of 8



30. Defendant Cactus Drilling Company LLC's acts or omissions described above, when viewed from the standpoint of Defendant Cactus Drilling Company LLC at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant Cactus Drilling Company LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

31. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant Cactus Drilling Company LLC.

## DAMAGES FOR PLAINTIFF, DAVID REYNOLDS

### A. Wrongful Death Damages

32. Pursuant to the Texas Wrongful Death Act, all beneficiaries seek the following elements of damages from all defendants relating to the death of Nicholas Reynolds:

    a. Past and future pecuniary loss;

    b. Past and future loss of companionship and society; and

    c. Past and future mental anguish.

### B. Survival Damages

33. Pursuant to the Texas Survival Statute, the Estate of Nicholas Reynolds seeks the following elements of damages from all defendants relating to the death of Nicholas Reynolds:

    a. Pain and mental anguish; and

    b. Funeral and burial expenses.



## REQUEST FOR DISCLOSURE

34. In accordance with Texas Rules of Civil Procedure 194, you are requested to disclose to Plaintiff at the office of the undersigned counsel for Plaintiff, within fifty (50) days of service to this request, the information or material described in Rule 194.2(a)-(l).

## NOTICE OF INTENTION TO USE PRODUCTS OF DISCOVERY, INCLUDING DOCUMENTS AND OTHER TANGIBLE THINGS PRODUCED

35. Under the authority of the Texas Rules of Civil Procedure 193.7, Plaintiff gives notice of Plaintiff's intent to use all or a portion of the documents, tangible things or other data and information produced and provided in Discovery in this cause during the trial herein and/or depositions that are taken in this cause.

36. This Notice extends to all products of discovery produced by any Party to this suit. This Notice is provided pursuant to Rule 193.7, Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, David Reynolds, Individually and as the Representative of the Estate of Nicholas Reynolds; and Rosemary Reynolds, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled

Page 7 of 8



at law or in equity.

Respectfully submitted,

CHILDS BISHOP & WHITE, P.C.

By: /s/ Robert White
ROBERT WHITE
Texas Bar No. 21324500
GRETA FISCHER
Texas Bar No. 24044383
230 W 3RD ST
Odessa, Texas 79761-5014
Tel. (432) 580-5421
Fax. (432) 337-5465
Email: cbwlitigation@cableone.net
ATTORNEYS FOR PLAINTIFFS

By: /s/ Bradley Bradshaw
BRADLEY BRADSHAW
Texas Bar No. 00789165
1736 E Sunshine St. Ste. 600
Springfield, MO 65804-1333
Tel. (417) 890-8888
Fax. (417) 889-9229
Email: richelle@bradbradshaw.com
ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

Page 8 of 8







| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Carolyn Fullen*  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name): *Fred W Fulton*   C. Date of Delivery: 6/8/15 |
| 1. Article Addressed to:<br>Cactus Drilling Company LLC<br>Attn: Fulvio Dorwart<br>124 E - 4th Street<br>Tulsa, OK 74103 | D. Is delivery address different from item 1? ☐ Yes  ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7013 2250 0002 3513 0480 |

PS Form 3811, July 2013   Domestic Return Receipt