UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| DAVID REYNOLDS, individually and as representative of the ESTATE OF NICHOLAS REYNOLDS, and ROSEMARY REYNOLDS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER JOHNSON and CACTUS DRILLING COMPANY, LLC,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | CV No. 7:15-CV-101-DAE |

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Before the Court is a Motion to Remand filed by Plaintiffs David Reynolds, individually and as the representative of the estate of Nicholas Reynolds, and Rosemary Reynolds (collectively, "Plaintiffs") (Dkt. # 7). The Court held a hearing on the Motion on October 6, 2015. At the hearing, Greta B. Fischer, Esq., represented Plaintiffs, and Jeffrey S. Davis, Esq., represented Defendant Cactus Drilling Company, LLC ("Cactus Drilling"). After careful consideration of the supporting and opposing memoranda and the arguments

1

presented at the hearing, the Court, for the reasons that follow, **DENIES** Plaintiffs' Motion to Remand.

## BACKGROUND

This action arises out of a motor vehicle accident that occurred on April 21, 2015, in Andrews County, Texas. ("Pet.," Dkt. # 1-2 ¶ 14.) Nicholas Reynolds ("Reynolds") was a passenger in a vehicle traveling southbound on U.S. 385 when it was struck head-on by a northbound vehicle driven by Christopher Johnson ("Johnson"). (Pet. ¶¶ 14–15.) Both Reynolds and Johnson died in the accident. (Id. ¶ 16.) Plaintiffs allege that Johnson was acting within the course and scope of his employment with Cactus Drilling at the time of the accident. (Id. ¶ 14.)

Plaintiffs filed suit in the 109th District Court of Andrews County, Texas on June 8, 2015. (Id. at 1.) Plaintiffs assert claims against Johnson's estate for negligence, negligence per se, and gross negligence, and assert claims for negligence and gross negligence against Cactus Drilling. (Id. ¶¶ 17–31.) Cactus Drilling was served with the action on June 15, 2015. (Dkt. # 1 at 2; Dkt. # 1-2 at 10–11.) On July 10, 2015, Cactus Drilling removed the action to this Court, invoking the Court's diversity jurisdiction. (Dkt. # 1.) Plaintiffs are citizens of

Missouri.[1]  (Pet. ¶¶ 2–3; Dkt. 1–6.)  Cactus Drilling is an Oklahoma limited liability company whose members are not Texas residents (Dkt. ## 11-1, 11-2), and the representative of Johnson's estate is a citizen of Texas (Pet. ¶ 5).[2]

At the time Cactus Drilling removed the action, Johnson's estate had not yet been served. Because Johnson died intestate and no estate administration had been initiated, counsel for Plaintiffs filed an application for temporary administration in the state court on July 7, 2015.  (Dkt. # 13-1.)  The state court appointed a personal representative as the temporary administrator of Johnson's estate on August 18, 2015.  (Dkt. # 21-1.)  Johnson's estate was served with process and waived service of summons on August 24, 2015.  (Dkt. # 21-3.)

Plaintiffs filed the instant Motion to Remand on August 2, 2015, arguing that Cactus Drilling's removal was improper under 18 U.S.C.§ 1441(b)(2) because the administrator of Johnson's estate is a citizen of Texas.  (Dkt. # 7.)

---

[1] The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.  28 U.S.C. § 1332(c)(2).  While Plaintiffs' Petition alleged that Reynolds, the decedent, was a citizen of Texas (Pet. ¶ 4), Cactus Drilling's Notice of Removal provided evidence indicating that Reynolds was in fact a citizen of Missouri (Dkt. # 1-6).  Plaintiffs' Motion to Remand does not argue that the parties are not completely diverse.  While Plaintiffs' counsel did argue at the hearing that Reynolds in fact may have been a citizen of Texas, the evidence before the Court shows that Reynolds was a Missouri citizen.  The Court therefore finds that the parties are completely diverse.

[2] The Court notes that prior to removal, Joshua Trevino filed a Petition for Intervention claiming that he was injured in the same accident.  While Trevino is a Texas citizen, the case was removed before the state court granted his Petition, and he was therefore not a party to the suit at the time of removal.

Cactus Drilling filed a response on August 17, 2015, contending that removal was proper because Johnson's estate had not been served at the time of removal. (Dkt. # 13.) Plaintiffs filed a reply, and Cactus Drilling filed a surreply. (Dkt. ## 13, 20.) Plaintiffs filed their own surreply after Johnson's estate was served, and Cactus Drilling filed an additional surreply arguing that this service did not change the propriety of removal because Johnson's estate had not been served at the time of removal. (Dkt. ## 21, 22.)

## LEGAL STANDARD

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013). Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question. Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties—in other words, every plaintiff must be diverse from every defendant. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists. Shearer v. Sw. Serv. Life

Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).  To determine whether jurisdiction is present, the court considers the claims in the state court petition as they existed at the time of removal.  Louisiana v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 637 (5th Cir. 2014) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Because removal jurisdiction implicates federalism concerns, all ambiguities must be construed in favor of remand.  Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (citing Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

## DISCUSSION

Because the parties are completely diverse, the only question at issue in Plaintiffs' Motion for Remand is whether the forum-defendant rule set out in 28 U.S.C. § 1441(b)(2) renders Cactus Drilling's removal improper.  Under that statute, a civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  § 1441(b)(2).  The forum-defendant rule is a procedural requirement, and violation of the rule does not deprive a district court of subject matter jurisdiction where the parties are completely diverse.  In re 1994 Exxon Chem. Fire, 558 F.3d 376, 393 (5th Cir. 2009) (citing In re Shell Oil Co., 932 F.2d 1518, 1519 (5th Cir. 1991)).

Here, the administrator of Johnson's estate is a citizen of Texas. Cactus Drilling argues that its removal was nevertheless proper because Johnson's estate had not been served at the time of removal, and that Johnson's estate is therefore not a party in interest "properly joined and served" under the terms of the statute. It argues that as a result, its removal of this action was not barred by the forum-defendant rule and that Plaintiffs' Motion for Remand should be denied.

The Fifth Circuit has not ruled on whether the forum-defendant rule bars removal where the forum defendant was not served with process at the time of removal, and district courts are split on the issue. The majority of courts that have considered the question have ruled that the plain language of § 1441(b)(2) bars removal only where the forum defendant was "properly joined and served" at the time of removal, and that the presence of a forum defendant in the action does not render removal improper where the forum defendant was not served at the time of removal. See, e.g., Harvey v. Shelter Ins. Co., No. 13–392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); Holmes v. Lafayette, No. 4:11CV021-B-S, 2013 WL 654449, at *1 (N.D. Miss. Feb. 21, 2013); Ott v. Consol. Freightways Corp. of Del., 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002); In re Norplant Contraceptive Prods. Liability Litig., 889 F. Supp. 271, 275 (E.D. Tex. 1995) (finding "numerous cases which support the proposition that . . . the citizenship of unserved defendants should not be considered under 28 U.S.C. § 1441(b)); see also 14B Wright &

Miller, Federal Practice and Procedure, § 3723 (4th ed. 2009) (noting that the 1948 amendment to § 1441(b) inserted the language "and served," "which implies that a diverse, but resident defendant who has not been served may be ignored in determining removability."); McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ((("Where there is complete diversity of citizenship . . . the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). Under this reasoning, forum defendants who have not been served at the time of removal are not "properly joined and served as defendants" under the statute, and thus do not bar removal.

Other courts have held that the presence of a forum defendant in the action bars removal even if the forum defendant was not served at the time of removal. See, e.g., NFC Acquisition, LLC v. Comerica Bank, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009); Grizzly Mountain Aviation, Inc. v. McTurbine, Inc., 619 F. Supp. 2d 282, 286 & n.5 (S.D. Tex. 2008); Sullivan v. Novartis Pharms., 575 F. Supp. 2d 640, 642–47 (D.N.J. 2008); Vivas v. Boeing Co., 486 F. Supp. 2d 726, 734–35 (N.D. Ill. 2007). These courts reason that the purpose of the forum-defendant rule is to restrict diversity jurisdiction where the defendant is a citizen of the state in which the suit was brought and thus has no need of the protection of a federal forum. See NFC Acquisition, 640 F. Supp. 2d at 968. Because allowing removal where the forum defendant has not yet been served

could allow defendants to circumvent the forum-defendant rule by removing the action before service on the forum defendant, these courts have held that applying the plain language of the statute would be inconsistent with Congress's intent and remanded regardless of service on the forum defendant.  See NFC Acquisition, 640 F. Supp. 2d at 969; Grizzly Mountain Aviation, 619 F. Supp. 2d at 286 & n.5; Sullivan, 575 F. Supp. 2d at 647; Vivas, 486 F. Supp. 2d at 734–35.

While the Court shares the concern that allowing removal prior to service on a forum defendant could allow forum manipulation by defendants, this concern does not override the plain language of the statute.  Section 1441(b)(2) prohibits removal only where a forum defendant has been "properly joined and served," and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal.  The parties are completely diverse, and there was no forum defendant properly served at the time of removal.  As a result, remand is not required.  Because the factual basis for removal is assessed at the time of removal, the fact that Johnson's estate has since been served does not alter the analysis.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); see also Ott, 213 F. Supp. 2d at 666 (denying remand where forum defendant was not served until after removal).

Plaintiffs cite <u>Zaini v. Shell Oil Co.</u>, 853 F. Supp. 960, 963 (S.D. Tex. 1994), for the proposition that the Court must consider the citizenship of all named defendants regardless of service in determining whether to remand. (Dkt. # 13 at 1–2.) In <u>Zaini</u>, however, the question before the district court was whether the parties were completely diverse, and thus whether the court had subject matter jurisdiction over the action. 853 F. Supp. at 963. It is well-established that the existence of diversity is determined based on the citizenship of the named parties and not the fact of service. <u>N.Y. Life Ins. Co. v. Deshotel</u>, 142 F.3d 873, 883 (5th Cir. 1998). The question here is not whether the parties are completely diverse, but whether a named but unserved forum defendant bars removal under the forum-defendant rule, and <u>Zaini</u> thus fails to support Plaintiffs' position.

The Court additionally notes that there is no indication that Cactus Drilling's removal here was a product of forum manipulation. Many of those courts that have required remand under § 1441(b)(2) despite the lack of service on the forum defendant found that the defendants in those actions had sought to circumvent the forum-defendant rule by strategically filing for removal before the plaintiffs were able to serve the forum defendant. <u>See</u> <u>Grizzly Mountain Aviation</u>, 619 F. Supp. 2d at 285, 286 n.5 (finding that the defendant "was engaging in forum manipulation in its extremely quick removal of the case" where the defendant filed its notice of removal one business day after the action was filed in state court);

NFC Acquisition, 640 F. Supp. 2d at 967, 969 (remanding where the defendant filed for removal "immediately" after service); Vivas, 486 F. Supp. 2d at 733 (characterizing a defendant's removal as a "strategic move" and remanding where the defendant filed its notice of removal before it or any other defendants had been served). Here, Plaintiff filed this action in state court on June 8, 2015, and Cactus Drilling was served with process on June 15, 2015. (Dkt. # 1-2.) Cactus Drilling filed its Notice of Removal on July 10, 2015, 25 days later, and there is thus no indication that its removal was an attempt to circumvent the forum-defendant rule.

In summary, the Court finds that Cactus Drilling's removal is not barred by the plain language of § 1441(b)(2), and that concerns regarding the potential for forum manipulation by defendants through application of the statute's plain language are not at issue here. Plaintiffs' Motion for Remand should therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Remand (Dkt. # 7).

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, October 7, 2015.

David Alan Ezra
Senior United States Distict Judge